UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY SWEARINGEN,

    Plaintiff,

v.                                                       Case No. C-1-05-601

JAMES BEASLEY, COUNTY
ENGINEER, et al.,

    Defendants.

**<u>ORDER</u>**

This matter is before the Court upon defendant James Beasley's motion for summary judgment (doc. 13). Plaintiff Kimberly Swearingen opposes the motion (doc. 24). This matter is also before the Court upon defendant's motion to stay discovery pending resolution of the summary judgment motion (doc. 15) and defendant's motion to strike plaintiff's supplemental response to defendant's reply memorandum (doc. 32).

**I. Introduction**

Plaintiff was employed as a secretary/receptionist with the Brown County Engineer's Office from December 4, 1995 until September 19, 1993, when she claims that her employment was wrongfully terminated in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq., and Ohio public policy. Plaintiff filed this lawsuit against James Beasley, the Brown County Engineer, and John Doe defendants. Defendant Beasley moves for summary

1

judgment on all claims against him.

## II. Undisputed Facts

The parties have submitted proposed findings of fact and conclusions of law, which the opposing side has highlighted as true, false, or irrelevant (docs. 22, 29). The undisputed facts are set forth below.

1. Plaintiff worked as a receptionist/secretary for the Brown County Engineer's Office from approximately December 4, 1995 until her employment was terminated on September 19, 2003.

2. At all times relevant to this lawsuit, defendant was an employer subject to the provisions of the FMLA and plaintiff was an employee under the FMLA.

3. Plaintiff was injured on July 4, 2003, when a firecracker exploded in her face.

4. Plaintiff informed Beasley's administrative assistant Lisa Berry that she would not be coming back to work after the July 4, 2003 holiday because of this accident and injury.

5. As of September 19, 2003, plaintiff had not yet returned to work. She had been off work less than twelve weeks.

6. Plaintiff's employment with the Brown County Engineer's Office was terminated on September 19, 2003. The reason given for the termination was plaintiff's absence from work.

7. Plaintiff had worked for defendant for at least 12 months prior to her termination and had worked for defendant more than 1,250 hours in those 12 months.

8. Defendant never took any independent steps to investigate the reason for plaintiff's need for leave after she had requested it.

9. Defendant did not request that plaintiff obtain a certification from her health care provider as referenced in 29 U.S.C. § 2613(a).

10. Medical records obtained and certified from the Brown County General Hospital and from plaintiff's opthalmologist, Dr. David G. Howard, confirm that plaintiff was injured on or about July 4, 2003, when a firecracker exploded in her face.

11. Plaintiff treated with Dr. Howard from July 8, 2003 until September 23, 2003.

12. Dr. Howard's July 15, 2003 handwritten notes from plaintiff's visit include a notation "okay to return to work."

13. On July 23, 2003, Dr. Howard gave plaintiff's general physician, Dr. Param Hariharan, the following update:

> On examination today, the conjunctivitis, irritation and inflammation appears [sic] to be much better. She does have burned eyelashes that are starting to grow back. I have encouraged her to stay on the Tobradex drops QID and return to reexamination in 1 week. I feel she is over the worst of the injury.

The update does not specifically mention a return-to-work date.

13. There is no medical release for plaintiff contained in the medical records obtained and certified from the Brown County General Hospital, from Dr. Hariharan, or from Dr. Howard.

### III. Summary judgment standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. This Court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." ***Anderson v. Liberty Lobby***, 477 U.S. 242, 248 (1986) (quoting ***First Nat'l Bank of Arizona v. Cities Serv. Co.***, 391 U.S. 253 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. ***Anderson***, 477 U.S. at 255 (citing ***Adickes v. S.H. Kress & Co.***, 398 U.S. 144, 158 (1970)).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. ***Anderson***, 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. ***Id.*** at 249 (citing ***Cities Serv.***, 391 U.S. at 288-289). If the evidence is merely colorable, ***Dombrowski v. Eastland,*** 387 U.S. 82, 84 (1967), or is not significantly probative, ***Cities Serv.***, 391 U.S. at 290, judgment may be granted. ***Anderson***, 477 U.S. at 249.

### IV. Summary judgment motion

Defendant Beasley moves for summary judgment on plaintiff's FMLA claim on the ground that she never suffered from a "serious health condition" as required in order for the FMLA to apply because she was not released off work by her doctors for the time she took off. Defendant moves for summary judgment on plaintiff's claim for violation of Ohio public policy on the ground that Ohio does not recognize a public policy claim based on a violation of the FMLA.

In response, plaintiff argues that defendant is estopped from challenging whether she had a serious health condition by his failure to request a certification pursuant to 29 U.S.C. § 2613,

4

which provides that an employer may require that an employee's request for FMLA leave be supported by a certificate issued by the employee's health care provider. Plaintiff also contends that the medical records establish that she had a serious health condition entitling her to leave under the FMLA and there is a genuine issue of material fact as to whether defendant violated the FMLA when he terminated her because of her absence from work.

### V. Defendant is not entitled to summary judgment on the FMLA claim

Under the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period ... [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA defines the term "serious health condition" to mean "an illness, injury, impairment, or physical or mental condition that involves--(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). An employer is prohibited from discriminating against an employee who has used FMLA leave, such as by using the taking of FMLA leave as a negative factor in employment actions.

To invoke the protection of the FMLA, an employee must inform her employer of the need for leave and the qualifying reason for the need. **Brohm v. JH Properties, Inc.,** 149 F.3d 517, 523 (6th Cir. 1998) (citing **Manuel v. Westlake Polymers Corp.,** 66 F.3d 758, 762 (5th Cir. 1995)). Title 29 C.F.R. § 825.303 specifies the requirements for an employee to provide notice to an employer where the need for FMLA leave is not foreseeable. This section

5

provides, in pertinent part, as follows:

> (a) When the approximate timing of the need for leave is not foreseeable, an employee should give notice to the employer of the need for FMLA leave as soon as practicable under the facts and circumstances of the particular case.
>
> (b) . . . The employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed. The employer will be expected to obtain any additional required information through informal means. The employee . . . will be expected to provide more information when it can readily be accomplished as a practical matter, taking into consideration the exigencies of the situation.

The Sixth Circuit in ***Cavin v. Honda of America Manufacturing Inc.,*** 346 F.3d 713, 723-24 (6th Cir. 2003), summarized the notification requirements of the FMLA as follows:

> [T]o invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave. [***Brohm***, 149 F.3d at 523. However, '[a]n employee does not have to expressly assert his right to take leave as a right under the FMLA.' ***Hammon v. DHL Airways, Inc.,*** 165 F.3d 441, 450 (6th Cir.1999); *see* 29 C.F.R. §§ 825.302(c), 825.303(b). Because an employee need not expressly invoke the FMLA, '[t]he critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition.' ***Brohm,*** 149 F.3d at 523 (quotation omitted). '[A]n employee gives his employer sufficient notice that he is requesting leave for an FMLA-qualifying condition when he gives the employer enough information for the employer to reasonably conclude that an event described in the FMLA § [2612(a)(1)] has occurred.' ***Hammon,*** 165 F.3d at 451.

Title 29 C.F.R. § 825.305 specifies when an employee must provide medical certification to support FMLA leave:

> (a) An employer may require that an employee's leave . . . due to the employee's own serious health condition that makes the employee unable to perform one or more of the essential functions of the employee's position, be supported by a certification issued by the health care provider of the employee . . . An employer must give notice of a requirement for medical certification each time a certification is required; such notice must be written notice whenever required by § 825.301. An employer's oral request to an employee to furnish any subsequent medical certification is sufficient.
>
> * * *
>
> (d) At the time the employer requests certification, the employer must also advise an employee of the anticipated consequences of an employee's failure to provide adequate certification. The employer shall advise an employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any such deficiency. 29 CFR § 825.305.

Initially, the court rejects plaintiff's position that defendant is estopped from challenging plaintiff's claim that she had a serious health condition by its failure to request a medical certification. The case plaintiff cites in support of its position, **Swanson v. Senior Resource Connection,** 254 F.Supp.2d 945 (S.D.Ohio 2003), does not establish this proposition. The court in **Swanson** noted that some other federal courts have held that an employer who fails to request a certification of an employee's serious health condition or to challenge a certification issued by the employee's health care provider is estopped from thereafter challenging by other means the health care provider's certification. **Id.** at 955. The **Swanson** court went on to acknowledge that other courts have held that an employer need not require a health care provider's certification, or need not challenge a certification once it is received with medical opinions to the contrary, in order to challenge at trial a claim that the employee had a serious health condition. **Id.** The **Swanson** court did not attempt to resolve the conflicting holdings of these courts, and plaintiff

7

has not cited any other authority to support her position. Absent such authority, the declines to hold that defendant is estopped by its failure to request a health care provider's certification from challenging plaintiff's claim that she had a serious health condition.

The Court finds that there are several disputed issues of material fact underlying resolution of plaintiff's FMLA claim. The record does not clearly establish whether plaintiff suffered from a serious health condition as that term is defined under the FMLA. It is for the trier-of-fact to weigh the evidence, resolve the factual issues, and determine whether plaintiff suffered from a serious health condition for which she was entitled to FMLA leave. Accordingly, defendant is not entitled to summary judgment on the FMLA claim.

**VII. Defendant is entitled to summary judgment on the public policy tort claim**

In *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990), the Ohio Supreme Court recognized the tort of wrongful discharge in violation of public policy as an exception to the employment-at-will doctrine. The tort requires four elements: (1) a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element); (2) dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element); (3) the plaintiff's dismissal was motivated by conduct related to the public policy (the causation element); and (4) the employer lacked overriding legitimate business justification for the dismissal (the overriding justification element). *Collins v. Rizkana*, 73 Ohio St.3d 65, 69-70, 652 N.E.2d 653, 657-58 (1995) (citing H. Perritt, The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie? (1989), 58 U.Cin.L.Rev. 397, 398-99). The Ohio Supreme Court has expressly held that "Ohio does not

recognize a cause of action for wrongful discharge in violation of public policy when the cause of action is based solely on a discharge in violation of the FMLA" since the jeopardy element of a public policy tort is not satisfied in such a case. ***Wiles v. Medina Auto Parts,*** 96 Ohio St.3d 240, 246, 773 N.E.2d 526, 533 (2002). Because plaintiff's public policy tort claim is based solely on her alleged wrongful discharge in violation of the FMLA, defendant is entitled to summary judgment on the public policy tort claim.

### VIII. Conclusion

In accordance with the foregoing, defendant's motion for summary judgment (doc. 13) is **GRANTED** as to plaintiff's public policy tort claim and **DENIED** as to plaintiff's FMLA claim. The motion to stay discovery (doc. 15) is **DENIED** as moot. The Court has not considered the supplemental response submitted by plaintiff and defendant's motion to strike the supplemental response (doc. 32) is likewise **DENIED.** This case will proceed to trial on the FMLA claim in accordance with the schedule established by the Court.

**IT IS SO ORDERED.**

S/ Herman J. Weber<br>
HERMAN J. WEBER, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT